UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Delano Pighee,

    Plaintiff,

v.

Ohio Department of Rehabilitation
and Corrections, *et al.*,

    Defendants.

Case No. 2:15–cv–2697

Judge Michael H. Watson

## ORDER

Magistrate Judge Kemp issued a Report and Recommendation ("R&R") in this prisoner civil rights case recommending that this case be dismissed for want of prosecution. R&R, ECF No. 10.

On August 6, 2015, Plaintiff, an inmate incarcerated at the Franklin Medical Center, filed a complaint alleging violations of his rights under the Eighth and Fourteenth Amendments and Equal Protection Clause of the United States Constitution. ECF No. 1. That same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. On August 12, 2015, the Court ordered Plaintiff to submit a certified account from the prison cashier that indicates Plaintiff's average monthly balances and the amount credited during those months ("trust account statement"). Order 2, ECF No. 9. In that Order, the Court specifically warned Plaintiff that failure to comply would

result in the Court dismissing Plaintiff's case for want of prosecution and that Plaintiff's application to proceed *in forma pauperis* would be denied. *Id.* Plaintiff failed to file a trust account statement. As a result of the non-compliance, Magistrate Judge Kemp recommends dismissing Plaintiff's case and assessing the full filing fee against Plaintiff. R&R 1–2, ECF No. 10 (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.")).

Magistrate Judge Kemp notified the parties of their right to file objections to the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). *Id.* at 2. Magistrate Judge Kemp further specifically advised the parties that the failure to object to the R&R within fourteen days would result in a waiver of the right to *de novo* review by the District Judge as well as a waiver of the right to appeal the decision of the District Court adopting the R&R. *Id.* The deadline for filing such objections has passed, and no objections were filed.

Without a trust account statement, the Court cannot assess Plaintiff's pauper status. In situations such as this, the Court is instructed to assume that Plaintiff can pay the full fee amount. *See McGore*, 114 F.3d at 605 (internal citation omitted) ("As the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, we conclude that by

filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court."). While the Prison Litigation Reform Act authorizes the Court to impose the full filing fee against Plaintiff for simply filing a complaint, Congress kept the ultimate decision whether to do so in the discretion of the Court.  *Cf. Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (discussing the three-strikes rule under 28 U.S.C. § 1915 and concluding that "Congress made no effort to control the federal courts ultimate decision of frequent filer prisoner claims sought to be litigated under the IFP statute." (citation and internal ellipses and quotation marks omitted)).  The Court declines to exercise that authority.

Based on the foregoing, the R&R, ECF No. 10, is **ADOPTED IN PART** and **DENIED IN PART**.  The Court declines to assess the full filing fee against Plaintiff but **DISMISSES WITHOUT PREJUDICE** the case.

IT IS SO ORDERED.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**